**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE CHERYL ROBINSON,<br><br>     Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>     Defendant. | Case No. 13-cv-00861-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 14) |

On June 5, 2013, Plaintiff Ernestine Robinson ("Plaintiff"), by attorney Vijay J. Patel, filed a complaint seeking review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for benefits under the Social Security Act ("Act"). Doc. 1. Defendant has filed a motion to dismiss. Doc. 14. For the reasons that follow, Defendant's motion is GRANTED and the Complaint is dismissed with leave to amend.

**FACTS**

On January 27, 2012, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for benefits. Declaration of Robert Weigel (Weigel Decl.) at ¶(3)a, Doc. 14-1. Plaintiff timely sought review. On March 8, 2013, the Appeals Council denied review in a document entitled "Notice of Appeals Council Action." Weigel Decl. ¶3(a). The Notice explained:

> You have 60 days to file a civil action [¶] ... If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. [¶] ... You must mail your request for more time to the Appeals Council at the address shown at the top of this notice.

Doc. 14-1 at 23.

1

Pursuant to this letter and agency regulations, Plaintiff thus had until May 13, 2013, to seek review, "except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c); *see* 42 U.S.C. § 405(g) (statutory 60-day window), Weigel Decl. at ¶2 (five days for mailing), 20 C.F.R. § 404.911 (defining "good cause").

On June 5, 2013, Plaintiff (by attorney Patel) filed her complaint in this action. Doc. 1. Among her allegations, she stated that "On May 10, 2013, plaintiff's counsel requested an extension of time in which to commence a civil action." *Id.* at ¶8. As an exhibit, she attached what purported to be a May 10, 2013 fax to the Appeals Council, a two page document consisting of a cover sheet and a request for an extension. However, she did not include any time-stamped originals, either from her own records or from the referring attorney who was copied on the fax. Instead, the exhibit was a word-processer document which amounts to a reproduction of the fax.

On August 12, 2013, the Appeals Council sent Plaintiff a Notice which informed Plaintiff that it was denying her request for an extension. First, the Notice explained that the request for an extension had not been submitted in a timely or appropriate fashion:

> You purportedly submitted this request to us by facsimile ("fax"), but there is no proof at the top of the document that you faxed it to us on that date. Further, the notice denying the request for review provides the instructions for filing the request for extension. You did not show that you mailed the request.
>
> Further, our record shows that you submitted a cover letter dated June 17, 2013, noting you had been retained as counsel to file the claimant's appeal. You attached your fee agreement and a Form 1696, Appointment of Representative. The fee agreement is not dated, but the form 1696 shows signatures dated May 15 and May 16, 2013, both of which are subsequent to the court filing deadline. Therefore, the evidence shows that the documents you allege to be a timely request for an extension of time pre-dates your appointment as the claimant's representative and post-dates the court filing deadline.

Doc. 14-1 at 25-26.

Having found no cause for the untimely filing, the Notice concluded that "we find no reason under our rules to extend the time to file a civil action." *Id*. at 26. On November 25, 2013, the Commissioner filed this motion to dismiss the complaint under FRCP 12(b)(6). Doc. 14.

Plaintiff's opposition, filed December 11, 2013 includes a declaration from attorney Patel. Mr. Patel declares that on May 10, he was contacted by another attorney regarding "possible representation" of Plaintiff in an appeal to the District Court. Declaration of Vijay Patel (Patel

2

1 Decl.) at ¶2, Doc. 16. He then sent a fax to the Appeals Council requesting an extension of time. *Id*.
2 at ¶¶2-3. As evidence, Mr. Patel provides a fax machine confirmation record bearing a timestamp
3 and showing an image of the first page of the alleged May 10, 2013 fax to the Appeals Council, i.e.,
4 the cover sheet only. Mr. Patel adds, with significant ambiguity, that "Our office makes request
5 [sic] for extension of time with the Appeals Council via fax." Patel Decl. at ¶5.

6 Mr. Patel adds, "I am unaware that the Appeals Council ever responded to the request for
7 extension prior to June 5, 2013." *Id*. at ¶6. The opposition itself is more direct: "Ernestine Cheryl
8 Robinson did not hear back from the Appeals Council regarding the extension and thereafter filed
9 this action to comply with the extension requested." Doc. 16 at 5. In short, when Plaintiff filed her
10 claim on June 5, 2013, she did so knowing that she had not heard back on her request for an
11 extension and without inquiring whether that request had been granted.

**MOTION TO DISMISS**

13 A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure
14 12(b)(6) tests the legal sufficiency of the claims in the complaint. A complaint must be dismissed if
15 it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
16 *Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

17 At issue here is the provision of the Act which requires that any request for judicial review
18 "must be filed within sixty days after notice of such decision is received." 42 U.S.C. § 405(g). This
19 provision operates as a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).
20 As an affirmative defense, the statute of limitations is properly raised in a responsive pleading.
21 *Vernon v. Heckler,* 811 F.2d 1274, 12787 (9th Cir.1987) (citing Fed.R.Civ.P. (8)(c)). However, it
22 may "be raised in a motion to dismiss when the running of the statute is apparent from the face of
23 the complaint." *Id.* (citing *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 119 (9th Cir.1980)).
24 A court may grant the motion only if the assertions of the complaint, read liberally, would not allow
25 the plaintiff to prove that the statute was tolled. *Id.*

**STATUTE OF LIMITATIONS**

27 The sixty-day statute of limitations in 42 U.S.C. § 405(g) serves to "compress the time for
28 judicial review" and "limit judicial review to the original decision denying benefits," "thereby

3

forestall[ing] repetitive or belated litigation of stale eligibility claims." *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991). Although the Act has been characterized as "unusually protective" of claimants, *Heckler v. Day*, 467 U.S. 104, 109 (1984), its statute of limitations was intended in part to provide "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen*, 476 U.S. at 467 (discussing tolling considerations). As a condition on the waiver of sovereign immunity, it must be strictly construed. *Id*. at 479; *see, e.g., Fletcher v. Apfel,* 210 F.3d 510 (5th Cir.2000) (affirming summary judgment for untimely filing of one day).

A claimant may obtain relief in two ways. First, the Commissioner may extend this deadline for "good cause." 20 C.F.R. § 422.210(c). A decision not to do so is not a "final order" and is not appealable. *Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir. 1980), *citing Califano v. Sanders*, 430 U.S. 99, 108 (1977) (citing concern claimants could circumvent statute of limitations).

Second, because the 60-day limitation is not jurisdictional, equitable remedies are also available. *Bowen*, 476 U.S. at 467. While "in most cases the Secretary [of Social Security] will make the determination whether it is proper to extend the period within which review must be sought," "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.' " *Id*.; *see Vernon,* 811 F.2d at 1277. Equitable tolling serves "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Jones v. Blanas,* 393 F.3d 918, 928 (9th Cir.2004). Generally, a litigant is entitled to equitable tolling only if she demonstrates (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 10 S. Ct. 2549, 2562 (2010).

**ANALYSIS**

Plaintiff filed her complaint June 5, 2013, after the statute of limitations had run. This is clear from the face of the complaint. The Court may thus consider the issue in a motion to dismiss.

It is also clear that Plaintiff failed to obtain an extension of this deadline for "good cause." The parties differ only as to how this came about. From Defendant's perspective, her first indication that Plaintiff had requested an extension came on June 5, 2013, when Plaintiff filed a

tardy complaint. Although the complaint included an exhibit which purported to be a request for an extension transmitted on May 10, 2013, the exhibit amounted to a reconstruction, not the original. Defendant chose not credit Plaintiff's claim that she had timely submitted this request; in the alternative, Defendant faulted Plaintiff for sending her request by fax, not by mail as directed in the Notice. Either way, Defendant treated this as Plaintiff's first request for an extension, and denied it in part due to this finding.

In opposition, Plaintiff attempts to show that she did submit her request on time. But despite these new facts, *Peterson v. Califano* is controlling. This Court cannot review the decision of the Appeals Council to deny Plaintiff an extension. Alternatively, to the extent that the Court can review the Commissioner's findings, the Court upholds these. In rejecting Plaintiff's purported proof that she had faxed her request on time, the Commissioner relied on adequate evidence and committed no legal error, regardless of the standard of review that might properly apply here.

Thus, the only significant question is whether the limitations period may be equitably tolled. Again, Plaintiff must demonstrate (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing.

In her opposition, Plaintiff has supplied two pieces of new evidence. The first is a timestamped fax confirmation sheet showing that on May 10, 2013, she did send a fax to the Appeals Council, under the cover sheet included in her complaint. The second is the declaration of her attorney that he sent this fax. While the Court agrees that these items are highly probative of whether Plaintiff actually sent the fax, these do not by themselves show that Plaintiff was "pursuing her rights diligently." First, they fail to explain why Plaintiff's attorney would have believed that faxing this request would have been acceptable, given that the Appeals Council stated in writing that requests should be mailed. And second, having filed her request improperly, Plaintiff then did nothing to follow up. Yet her requirement under the regulations was not simply to request an extension; it was to obtain an extension.

The Court would feel differently if there were evidence that the Commissioner conveyed to Plaintiff that, contrary to its written instructions, it would accept extension requests by fax. Defendant challenges this argument, insisting that whether the Appeals Council actually accepted

5

faxes in other cases is irrelevant: even if it did, "Plaintiff assumed the risk" that the request would "not be processed with enough time remaining for Plaintiff to file a complaint within the original deadline." Reply (doc. 17) at 2. But if the Appeals Council has been treating faxed and mailed requests similarly, then it would be hard to see how Plaintiff assumed any risk, and plain to infer that Defendant invited such behavior.

Here, to the extent that the declaration of attorney Patel does touch on why Plaintiff sent the request by fax, it does so only haltingly and abortively: "Our office makes request [sic] for extension of time with the Appeals Council via fax." This statement is inadequate for a number of reasons: It is grammatically incorrect in a way that renders it semantically vague; it does not specify whether the faxed "request[s]" are accompanied by mailed requests; and it does not clarify whether the Commissioner indicated in any way that these requests would be successful. As a result, there is no evidence suggesting that Plaintiff had grounds to believe that the Commissioner would accept faxed requests.

Read liberally, the assertions of the complaint would not allow Plaintiff to prove that the statute was tolled. Defendant's motion to dismiss is therefore GRANTED. However, given the ambiguity in the declaration of Plaintiff's attorney, the dismissal shall be with leave to amend, specifically to allege whether the Appeals Council in fact indicated by its actions that it would accept requests transmitted by fax. Plaintiff may attach declarations or other evidence as needed.

## CONCLUSION

Defendant's motion to dismiss (doc. 14) is GRANTED. If Plaintiff has a good faith belief that equitable tolling applies, she may amend her complaint **within thirty days** to add such allegations. If Plaintiff does not amend by that date, the Court will dismiss this case with prejudice.

IT IS SO ORDERED.

Dated:   **December 18, 2013**             **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE